UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINDER SINGH,<br><br>        Plaintiff,<br><br>  v.<br><br>DANIEL ROBLES, and, AMANDA QUEZADA<br><br>        Defendants. | No. 2:17-cv-00467-GEB-AC<br><br>***SUA SPONTE* REMAND ORDER**<sup>*</sup> |

On March 3, 2017, Defendants Daniel Robles and Amanda Quezada filed a Notice of Removal removing this unlawful detainer case from the Superior Court of California for the County of San Joaquin. (Notice of Removal ("NOR"), ECF No. 1.) However, this case will be remanded to the Superior Court of California for the County of San Joaquin for lack of subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

---

<sup>*</sup> The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

1  be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must -
2  remand an action *sua sponte* if it determines that it lacks
3  subject matter jurisdiction." GFD, LLC v. Carter, No. 12-08985,
4  2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton
5  Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190,
6  1192 (9th Cir. 2003)).

7         Defendants assert in the NOR that this case is
8  removable to federal court because of the existence of federal
9  questions which provides federal subject matter jurisdiction over
10 this case. (NOR at 2.)

11        However, review of the Complaint reveals Plaintiff
12 alleges a single California claim for unlawful detainer, and
13 "[a]s a general rule, . . . a case will not be removable if the
14 complaint does not affirmatively allege a federal claim."
15 Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "The
16 presence or absence of federal-question jurisdiction is governed
17 by the 'well-pleaded complaint rule,' which provides that federal
18 jurisdiction exists only when a federal question is presented on
19 the face of the plaintiff's properly pleaded complaint." Retail
20 Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768
21 F.3d 938, 947 (9th Cir. 2014) (internal quotation marks omitted)
22 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).
23 "Moreover, 'it is well established that [the] plaintiff is the
24 master of [its] complaint and can plead to avoid federal
25 jurisdiction.'" Goraya v. Martinez, No. 2:15-cv-2375-JAM-KJN,
26 2015 WL 7281611, at *2 (E.D. Cal. Nov. 17, 2015) (quoting
27 Loowdermilk v. U.S. First Nat'l Ass'n, 479 F.3d 994, 998-99 (9th
28 Cir. 2007), overruled on other grounds, Rodriguez v. AT & T

Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013)) (remanding unlawful detainer action *sua sponte*).

For the stated reasons, this case is remanded to the Superior Court of California for the County of San Joaquin.

Dated: March 7, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge